FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 9/28/2001
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE - OPELOUSAS DIVISION

| | |
|---|---|
| GREIG, ET AL.,<br>　　　　Plaintiffs | No. 6:2000cv00603 |
| versus | Judge Doherty |
| CITY OF ST. MARTINVILLE, ET AL.,<br>　　　　Defendants | Magistrate Judge Methvin |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION TO DISMISS

NOW INTO COURT, through undersigned counsel, comes the City of St. Martinville (the "City"), and on suggesting to the court that the claims of the plaintiffs in this proceeding have been rendered moot by the City's adoption of a redistricting plan, which plan complies with the one person, one vote requirement of the United States Constitution, respectfully requests that this Court dismiss this proceeding with prejudice. In support of this Joint Motion to Dismiss, the City represents as follows:

1.　　This proceeding was instituted on March 29, 2001 when Errol Greig, Sue Greig, Mary Martha Pierre, Ronald Charles, Palmer Johnson, Darrel Ceasar and Murphy Simon (collectively, the "Plaintiffs") sued the City and the United States of America (the "United States") seeking an order mandating that the defendants agree upon a redistricting plan for the City's Council and setting a date on which such elections would be held.

2.　　Subsequently, the United States was dismissed as a defendant in the proceeding and realigned as a plaintiff. As a plaintiff, the United States asserted claims

against the City under Section 2 of the Voting Rights Act (42 U.S.C. § 1973) and requested various other relief.

3. On or about August 1, 2000, the Plaintiffs filed an Amended Complaint herein wherein they redefined their claims against the City, challenging the then-existing districting plan for the City's council solely on the grounds that the City Council districts in place at the time the Amended Complaint was filed violated the one person, one vote requirement of the United States Constitution.

4. Pursuant to an Order dated February 14, 2001, the Court appointed Glenn Koepp, Assistant Secretary and Director of the Legislative Bureau of the Louisiana State Senate, as Special Master in this matter, pursuant to Rule 53 of the Federal Rules of Civil Procedure.

5. On April 4, 2001, the City filed a Stipulation into the record of this proceeding wherein it stipulated, for the purposes of the pending litigation, that the districts from which members of the City Council were elected, as constituted on the date of the Stipulation, were malapportioned in population in that some districts had significantly more persons than other districts, and that if any election were held using the districts as then constituted, the one person, one vote requirements of the Constitution would be violated.

6. At the request of the parties, the Court agreed to allow the Special Master to prepare a preliminary redistricting plan for the parties to review and consider in connection with a possible resolution of this matter and for discussion purposes in connection with an evidentiary hearing at which the parties would submit evidence for the Court's consideration in drafting a court-ordered plan for the city council districts in the City.

7. In preparation for drafting a preliminary plan, the Special Master met with members of the city council to learn about traditional non-race-based redistricting principles relevant to the council members and utilized in past districting plans.

8. Also in preparation for drafting a preliminary plan, the Special Master met with representatives of the parties and the Mayor of the City and toured the City to get a feel for the natural geographic boundaries of the City and to learn the outlines of the city council districts as they currently existed.

9. During a status conference on June 20, 2001, the Court distributed to the parties a redistricting plan for the City Council, and accompanying population statistics, that had been prepared by the Special Master (the "June 20 Proposal"). The Court clarified that the June 20 Proposal was merely a preliminary proposal given to the parties for the purpose of initiating discussion, and in preparation for the scheduled hearing. The Court further clarified that the June 20 Proposal did not constitute a "Court Plan" as the Court had not had hearings or received evidence from the parties and that the material was given only as a tool to facilitate the parties' planning of discovery and preparation for the scheduled hearing.

10. Based upon the 2000 census results, the ideal City Council district would have a total population of 1,397. Under the June 20 Proposal, the relative overall range by which the populations of the districts deviate is 2%.

11. The June 20 Proposal does not violate the one person, one vote mandate of the United States Constitution.

12. The Plan incorporates traditional non-race-based redistricting principles in the following particulars: (a) it protects the incumbent City Council members by placing each one in a different district, and, for most, continues to retain as much of the prior district as possible given the shifts in population since 1977; (b) it respects traditional communities of interest in that it does not divide between districts (i) that portion of the City located on the east side of Bayou Teche, an area known to locals as "Pinaudville," and (ii) the historic "heart" of the City (located around the church square bounded by Port, Main and Bridge Streets); and (c) it respects natural and traditional geographic boundaries in that it continues to utilize Sproule's Canal as the boundary between District 1 and District 2 on the east side of Main Street.

13. By correspondence dated June 25, 2001, counsel for the United States informed the Court and all of the parties in this proceeding that the United States had reviewed the June 20 Proposal and "believes that it complies with the substantive requirements of Section 2 and Section 5 of the Voting Rights Act, 42 U.S.C. 1973, 1973c. The United States also believes that the June 20 Proposal raises no constitutional concerns, inasmuch as its districts are of substantially equal populations and adhere to traditional, race-neutral districting principles."

14. At the request of the parties, the June 20 Proposal was revised by the Special Master to include an area of the City that had been annexed in May, 2000, but had not been included in the June 20 Proposal (the "Revised June 20 Proposal). The population statistics provided to the parties along with the June 20 Proposal did not need to be revised to reflect the Revised June 20 Proposal since the annexed area had zero population as of the 2000 Census.

15. On June 27, 2001, the City Council, at a special meeting properly noticed and called, enacted Ordinance 2001-5, which adopted the election districts set forth in the Revised June 20 Proposal as the election districts from which members of the City Council would be elected.[1]

16. Pursuant to correspondence dated June 28, 2001, the City submitted the redistricting plan adopted by the City pursuant to Ordinance 2001-5 to the United States Department of Justice for preclearance pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.

17. By letter dated June 29, 2001, the United States Department of Justice informed the City that it did not interpose any objection to the redistricting plan adopted by the City and submitted to the Department of Justice for preclearance.

18. On July 12, 2001, the United States filed a Voluntary Notice of Dismissal in this proceeding dismissing all claims asserted by it against the City pursuant to Rules 41(a)(1) and 41(c) of the Federal Rules of Civil Procedure.

19. As a result of the United States' voluntary dismissal of its claims, the only parties remaining in this proceeding are the Plaintiffs and the City.

20. The sole claim asserted by the Plaintiffs herein is that the districting plan, as it existed on the date the Plaintiffs' Amended Complaint was filed, violated the one person, one vote mandate of the Constitution.

---

[1] A copy of Ordinance 2001-5 is attached as Exhibit "A" hereto.

21. The Revised June 20 Proposal, adopted by the City's Council on June 27, 2001, by Ordinance 2001-5, complies with the one person, one vote requirements of the Constitution.

22. Accordingly, the City's adoption of the Revised June 20 Proposal, to be used in the 2002 primary elections for the City's council, which elections are currently scheduled for early April, 2002, renders moot the Plaintiffs' claims herein.

23. Plaintiffs' council has been contacted regarding the filing of this Motion to Dismiss and has informed undersigned counsel that he has no objection to the filing of this Motion to Dismiss or the granting of the relief requested herein.

WHEREFORE, the City of St. Martinville moves the Court to dismiss the Plaintiffs' claims herein with prejudice.

Respectfully submitted,

PERRET DOISE,
A Professional Law Corporation

By: _____
Gary J. Russo, #10828
Camille Bienvenu Poché, #22597
600 Jefferson St., Ste. 1200
P.O. Drawer 3408
Lafayette, LA 70502-3408
Telephone: (337) 262-9000

Attorneys for the City of St. Martinville

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Motion to Dismiss has been forwarded to all parties to this proceeding, by hand delivery, by facsimile transmission, or by depositing same in the United States mail, postage prepaid and properly addressed, this 27th day of September, 2001.

_____
Gary J. Russo

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

## NOTICE OF DOCUMENTATION NOT FILED IN RECORD

**CASE# 6:00CV603**

**GREIG, ET AL**

    **VS.**

**CITY OF ST. MARTINVILLE, ET AL**

**ATTACHMENTS TO:**

    **DOCUMENT#:** 64

    **DESCRIPTION:** Motion to Dismiss

    **FILED BY:** City of St. Martinville

    **FILE DATE:** September 28, 2001

**HAVE BEEN PLACED IN AN ACCORDIAN FOLDER**

                                          S. McInnis

                                        **DEPUTY CLERK**